JUSTICE TRIEWEILER
dissenting.
I respectfully dissent from the opinion of the majority.
After reviewing the video tape of the conversation between the defendant and the officer who administered the breathalyzer, I conclude that the District Court was clearly erroneous when it found that the defendant did not timely request an independent test to determine whether or not he was intoxicated. That recording indicates that the following conversation took place:
MR. KLINKHAMMER: You said that I could have a doctor or physician of my choice.
OFFICER TILLMAN: Yeah, (inaudible).
MR. KLINKHAMMER: (Inaudible) that — I would like to have Dr. Hoell (inaudible). He is my psychiatrist.
OFFICER TILLMAN: Okay. That’s fine. That is your test. You are allowed to have a test at your own expense like that. However, that is separate and above this one here. This is the one I’m offering you pursuant to Implied Consent.
MR. KLINKHAMMER: I thought that I had a right to any test according to that statement.
OFFICER TILLMAN: [Reading from Implied Consent form.] “In addition to any test administered at the direction of a peace officer, you may, at your own expense, have a physician or nurse of your own choosing administer a test for the purpose of determining the amount of alcohol in your blood.”
The key words there are “in addition to any test administered at the direction of a peace officer.” And pursuant to Implied Consent, to keep your driver’s license, this is the test that I am offering you right now.
MR. KLINKHAMMER: Okay. That means, though, in order — in order to — for the various tests to be valid, they must be done at the same time. Okay?
OFFICER TILLMAN: You can be taken down to the hospital, and at your own expense we’ll draw your blood after we get through here. So whatever you’d like.
MR. KLINKHAMMER: At the same time I’d like to have Dr. Hoell there.
*281 OFFICER TILLMAN: Okay. (Inaudible) if you — if you can call Dr. Hoell, that’s fine, but right now we’re not going to do — talk about that part of it anymore. We’ll take care of that after my part of it’s over. That’s your part. [Emphasis added.]
It is clear from this conversation that the defendant requested an independent evaluation by his own physician and that he was assured by the officer who interviewed him that such an evaluation would be taken care of after the breathalyzer was administered by the officer. However, the defendant remained in the custody of the Missoula Police for two more hours and no opportunity was afforded for the independent evaluation. He was not free to check into a hospital on his own, and needed the cooperation of the police department in order to exercise his right to an independent evaluation. He requested that assistance. He was promised that assistance, but it apparently was never provided.
The facts in this case are not similar to those in State v. Clark (1988), 234 Mont. 222, 762 P.2d 853. In that case, the defendant was given an opportunity to, and did call his physician. However, during that conversation with his physician the defendant did not request an independent evaluation. In that case, the Court correctly concluded that the defendant waived the right to an independent evaluation by not requesting one at the time when it was most logical to do so.
In State v. Swanson (1986), 222 Mont. 357, 722 P.2d 1155, we recognized that the right provided for in Section 61-8-405(2), MCA, is the right to gather exculpatory evidence and is guaranteed by the due process clause of the Fifth Amendment to the United States Constitution.
Any right that rises to the level of constitutional magnitude should not depend for its enforcement on a nuance so irrelevant as the frequency with which it is asserted, nor the order in which it is asserted. Yet, that is the result of the majority’s decision.
For these reasons, and pursuant to Swanson, I would reverse the District Court.